# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

NARCISO ("CECIL") ORTEGA, JR., §
 §
   Plaintiff, §
 §
v. § Case No. 4:08-CV-358
 §
FRISCO INDEPENDENT SCHOOL DISTRICT, §
 §
   Defendant. §

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT FRISCO INDEPENDENT SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT

The following are pending before the court:

1. Defendant Frisco Independent School District's motion for summary judgment (docket entry #24);

2. Plaintiff Narciso ("Cecil") Ortega, Jr.'s response to Frisco Independent School District's motion for summary judgment (docket entry #26);

3. Ortega's objections to FISD's summary judgment evidence (docket entry #27);

4. Defendant's reply to Plaintiff's response to Defendant's motion for summary judgment (docket entry #28);

5. Defendant Frisco Independent School District's motion for leave to file supplemental statement of undisputed material facts and statement of issues to be decided by the court (docket entry #29);

6. Defendant Frisco Independent School District's objections to Plaintiff's summary judgment evidence (docket entry #30); and

7. Defendant Frisco Independent School District's response to Ortega's objections to Defendant's summary judgment evidence (docket entry #31).

Having considered the above-referenced motions and the subsequent briefing thereto, the court is of the opinion that the Defendant's motion for summary judgment should be granted.

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

The Plaintiff and the Defendant filed objections to the summary judgment evidence. Having considered the objections, the court notes that it will review the evidence provided in accordance with the appropriate summary judgment and evidentiary standards.

## BACKGROUND[1]

The Plaintiff began working for the Defendant in 1996. The Defendant originally hired the Plaintiff as a crossing guard. The Plaintiff later became a custodian and, eventually, a custodial crew leader. In 2005, the Plaintiff was promoted to the position of custodial lead. During his tenure with the school district, the Plaintiff received positive evaluations. However, in May 2007, a male employee lodged a sexual harassment complaint against the Plaintiff. Assistant Superintendent of Administrative Services Doug Zambiasi and Director of Auxiliary Personnel David Boles investigated the complaint. While the investigation did not lead to anything conclusive about the sexual harassment complaint, the investigation did reveal problems with the Plaintiff's managerial style. According to the complaints, the Plaintiff managed his department in an intimidating manner.

As a result of the investigation, Zambiasi and Superintendent of Schools for Frisco Independent School District Dr. Rick Reedy created a new position called manager of custodial services. Mohamed Mohamed was ultimately selected for the position and began working as the manager of custodial

---

[1] In his response to the Defendant's motion for summary judgment, the Plaintiff complained that the Defendant failed to comply with Local Rule CV-56(a) because the Defendant's motion does not include a statement of the issues to be decided by the court or a statement of undisputed material facts. The Plaintiff seeks a denial of the Defendant's motion for summary judgment on this basis. While the Defendant should have complied with the local rules to the letter, the court finds that the Defendant's motion is clear with respect to the issues to be decided and the court can discern the undisputed material facts. Accordingly, Defendant Frisco Independent School District's motion for leave to file supplemental statement of undisputed material facts and statement of issues to be decided by the court (docket entry #29) is **DENIED**.

services in August 2007. The Plaintiff and Mohamed worked well together during the first week. While the parties disagree about what lead to the decline of the Plaintiff's and Mohamed's working relationship, the parties agree that the Plaintiff and Mohamed Mohamed were unable to work well together.

On September 5, 2007, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. The Plaintiff alleged that he had been subjected to national origin discrimination and retaliation as follows:

> On or about June 26, 2007 I was denied an opportunity to apply for the position of Manager of Custodial Services.
>
> On or about June 26, 2007 I was demoted from the position of Custodial Lead to that of Assistant Crew Chief.
>
> On or about August 24, 2007 I have been denied the tools to perform some of the functions of the job, i.e. access to the internet and access to voice-mail services.

The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on the same day. The Defendant subsequently terminated the Plaintiff on September 26, 2007. Thereafter, the Plaintiff filed his complaint, alleging that the Defendant terminated him in retaliation for filing a charge of discrimination.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id.* at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

1. **APPLICABLE LAW**

"Title VII prohibits retaliation against an employee who has engaged in activity protected by the Act:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

*Beaumont v. Texas Department of Criminal Justice*, 468 F.Supp.2d 907, 922 (E.D. Tex. 2006). "Title VII does not protect plaintiffs from unfair decisions, but only from decisions based on unlawful discrimination." *Fullen v. Galveston Independent School District*, 564 F.Supp.2d 719, 728 (S.D. Tex. 2008) (citation omitted). "Plaintiff may rely on either direct or circumstantial evidence, or both, to prove his claims." *Id*. (citations omitted). Here, it is undisputed that the Plaintiff is relying solely on circumstantial evidence of retaliation. As such, the court will apply the *McDonnell Douglas* burden-shifting standard. *See Arrieta v. Yellow Transportation, Inc.*, 2008 WL 5220569, *16 (N.D. Tex. 2008).

"The *McDonnell Douglas* burden-shifting analysis requires the plaintiff to present evidence establishing the existence of a *prima facie* case." *Fullen*, 564 F.Supp.2d at 729 (citation omitted). "To establish a *prima facie* case of retaliation, a plaintiff must show:

(1) he engaged in statutorily protected activity under Title VII;

(2) action was taken by the employer against the plaintiff that a reasonable employee would consider materially adverse; and

(3) a causal connection exists between the protected activity and the adverse action."

*Beaumont*, 468 F.Supp.2d at 922 (citations omitted). "Once the plaintiff establishes a *prima facie* case, a presumption of discrimination arises and the burden of production shifts to the defendant to offer evidence of a legitimate, non-discriminatory reason for the actions at issue." *Fullen*, 564 F.Supp.2d at 729 (citation omitted). "If the defendant meets this burden of production, the presumption of discrimination created by the plaintiff's *prima facie* case disappears, and the burden shifts to the plaintiff to produce evidence capable of meeting the ultimate burden of persuasion on the issue of intentional discrimination." *Id*. "A plaintiff meets this burden by producing evidence tending to show

(1) that the defendant's reason is not true, but is instead a pretext for discrimination

> (pretext alternative); or
>
> (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)."

*Fullen*, 564 F.Supp.2d at 729 (citations omitted).

Here, the Plaintiff has opted to proceed under the pretext alternative. "Under a pretext theory, to carry his ultimate burden, the plaintiff must demonstrate that the adverse employment action would not have occurred 'but for' the employee's participation in the protected activity." *Beaumont*, 468 F.Supp.2d at 922 (citations omitted).

### 2. *PRIMA FACIE* CASE

The parties agree that the Plaintiff established the existence of the first two elements of his *prima facie* case. The Defendant, however, does not necessarily concur that the Plaintiff established the third element. "Although the third element of a *prima facie* case – causation – is similar to the ultimate issue in an unlawful retaliation claim, the standard for establishing a causal link at the *prima facie* case stage is much less stringent." *Beaumont*, 468 F.Supp.2d at 924 (citations omitted). "A plaintiff need not prove that his protected activity was the sole factor in motivating the employer's challenged decision in order to establish the requisite causal link." *Id*. (citations omitted). "Rather, a causal link is established when the evidence demonstrates that the employer's decision to take adverse action was based in part on knowledge of the employee's protected activity." *Id*. (citations omitted).

"The consideration of three factors may be helpful in determining whether a causal link has been demonstrated at the *prima facie* case stage: (1) the plaintiff's past disciplinary record, (2) whether the employer followed its typical policies and procedures when taking adverse action against the employee, and (3) the temporal relationship between the employee's conduct and the adverse act." *Id*. (citations

omitted). "'The timing of the adverse employment action can be a significant, although not necessarily determinative, factor.'" *Id*., quoting *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995) (remaining citation omitted). " ' "Close timing between an employee's protected activity and an adverse action against [him] may provide the 'causal connection' required to make out a prima facie case of retaliation." ' " *Id*. at 924-25, quoting *Mayberry*, 55 F.3d at 1092 (remaining citations omitted). "The temporal proximity, however, must be 'very close.'" *Id*. at 925 (citation omitted).

Here, the Defendant terminated the Plaintiff's employment 21 days after the Plaintiff filed his charge of discrimination. The court finds that the close timing between the Plaintiff's termination and the filing of the Plaintiff's charge of discrimination provides the requisite causal connection to establish a *prima facie* case of retaliation.

### 3. DEFENDANT'S REASON FOR TERMINATION

The Defendant presented competent summary judgment evidence that the Plaintiff was terminated due to mounting tensions between Mohamed Mohamed and the Plaintiff. In fact, both parties offered competent summary judgment evidence that, regardless of fault, Mohamed Mohamed and the Plaintiff did not work well together.

### 4. PRETEXT

In an effort to prove that his termination would not have occurred but for the filing of his charge of discrimination, the Plaintiff argues the following eight reasons:

A. Other employees engaged in workplace misconduct but were not terminated;

B. The Defendant terminated the Plaintiff without seeking advice from the human resources department;

C. The Plaintiff's insubordination is largely undocumented;

> D. Mohamed Mohamed provided inconsistent instruction to the Plaintiff concerning job tasks;
>
> E. The Plaintiff received two written reprimands after he filed his charge of discrimination;
>
> F. The Defendant offered multiple reasons for the Plaintiff's termination, i.e. inability to work with the Plaintiff, lack of communication, poor personnel administration and general morale problems within the department;
>
> G. The Defendant's reasons for terminating the Plaintiff's employment were subjective; and
>
> H. Taken together, all of the above factors constitute evidence of pretrext.

The Plaintiff's arguments, however, fall short of meeting his ultimate burden of persuasion on the issue of intentional discrimination.

As noted above, both parties agree that the Plaintiff and Mohamed Mohamed were unable to work well together both before and after the Plaintiff filed his charge of discrimination. Further, the Plaintiff averred that Mohamed Mohamed provided inconsistent instruction to him before, as well as after, he filed his charge of discrimination. Finally, the following exchange during the Plaintiff's deposition is telling:

> Q: You never got the feeling that Doug Zambiasi or anybody else was happy someone had accused you of sexual harassment, did you?
>
> A: I think it was an embarrassment on their part. It was a way to get rid of me. I don't think they were glad. I think they wanted to get rid of me because I had caused, in their eyes, some embarrassment.

DEFT.'S MTN. FOR SUMM. JUDG., EXH. 6 (ORTEGA DEP.), 150:1-7. These facts, taken in the light most favorable to the Plaintiff, do not present a genuine issue of material fact concerning the requisite "but for" causation. The Frisco Independent School District, like any employer, may terminate employees who do not work well with their supervisors or who cause embarrassment to their employer, as these

are legitimate, non-discriminatory reasons for termination. The Plaintiff has failed to produce legally sufficient evidence that he would not have been terminated but for his charge of discrimination.

## CONCLUSION

Based on the foregoing, the court finds that Defendant Frisco Independent School District's motion for summary judgment (docket entry #24) is hereby **GRANTED**. Defendant Frisco Independent School District's motion for leave to file supplemental statement of undisputed material facts and statement of issues to be decided by the court (docket entry #29) is **DENIED**.

**SIGNED this the 29th day of December, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE